UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD CALDWELL,                                Case No. 4:04-CV-133

     Petitioner,                             Hon. Richard Alan Enslen

v.

BLAINE LAFLER,
                                                 **FINAL ORDER**

     Respondent.
                              /

This matter is before the Court on Petitioner Flyod Caldwell's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of March 7, 2008, which recommended dismissal of Petitioner's habeas corpus petition. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). Based on the evidence of record, the Court discerns no reason for further oral argument.

Following a bench trial, Petitioner was convicted of two counts of armed robbery and sentenced to life in prison. The evidence presented at trial established that on May 30, 1975, retired Judge Harry Laity and his wife, Frances Laity, drove into their garage and when exiting the vehicle were immediately approached by two individuals. Petitioner threatened Judge Laity with death, attempted to stab him in the chest with a knife, and robbed both victims of their valuables. Petitioner pursued post-conviction relief in both the state and federal courts, without success. This Court denied Petitioner's first habeas petition in 1986. In 2000, Petitioner moved the state trial court for relief from judgment based on "newly discovered evidence" concerning previously undisclosed police reports. Despite unfavorable rulings in the state system, the Sixth Circuit Court of Appeals granted Petitioner's motion to file a second or successive habeas petition in 2004.

Because Petitioner's habeas claim is being asserted in a second or successive petition, to obtain relief he must satisfy the requirements of 28 U.S.C. § 2244(b)(2). Specifically, Petitioner must demonstrate that his trial was infected with an error of constitutional magnitude and that but for this error, "no reasonable factfinder" would have found him guilty of the crime. *See In re Lott*, 424 F.3d 446, 448 (6th Cir. 2005). This latter requirement, articulated in § 2244(b)(2)(B)(ii), is referred to as an "actual innocence" standard and must be demonstrated through clear and convincing evidence. *See, e.g., Calderon v. Thompson*, 523 U.S. 538, 558 (1998). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Needless to say, the actual innocence exception is rare and is only applied in extraordinary circumstances. *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

Petitioner objects to the Report's conclusion that his trial was not infected with an error of constitutional magnitude. This issue hinges on whether deprivation of the police reports violates *Brady v. Maryland*, 373 U.S. 83 (1963). Petitioner summarizes his arguments as follows:

> Petitioner, thirty (30) years ago, went to trial with an attorney who had nothing to use at trial except his cross-examination of Judge Laity and his wife. The credibility of those identifications were destroyed with Dr. Solomon Fulero's testimony -- an expert in eyewitness identification -- at Petitioner's evidentiary hearing. Simply put, without police reports the defense did not know there were several attempts to question the victims about suspect descriptions -- and they were told the victims could add no more detail -- yet at trial the testimony became very detailed and convincing. The defense was deprived of being able to legitimately argue there were other potential suspects found near the scene that night/early morning. The defense was deprived of arguing that one (1) fingerprint was unaccounted for, and the fact the Petitioner was excluded from having made it; the defense was deprived of being able to compare the descriptions given to early descriptions of suspects. The defense was deprived of calling Officers Duerr and Davis regarding those suspects and any other knowledge they may have been able to recall thirty (30) years ago. The defense was deprived of the knowledge that the Judge and his wife were asked regarding lighting in the garage and said the "only light" was from the floor boards.

(Obj. 13–14.) Petitioner also objects to the Report's conclusion that, even assuming a constitutional violation, Petitioner has failed to demonstrate actual innocence. The Magistrate Judge did an extremely thorough job in her 52-page Report. Each of Petitioner's objections have been thoughtfully considered and properly denied. Accordingly, the Report is fully adopted.

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined). Under the statute and the United States Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483–84 (2000), and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983), a certificate shall issue if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. Furthermore, the analysis of the sufficiency of the claims must be individually directed to the substance of the constitutional claims asserted. *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). Upon review, the Court finds that reasonable jurists would not find Petitioner's positions debatable as to the claims asserted for the reasons given in the Report.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Floyd Caldwell's Objections (Dkt. No. 116) are **DENIED**, the Report and Recommendation (Dkt. No. 110) is **ADOPTED**, the Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, and a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:  　　　　 /s/ Richard Alan Enslen  
　　　March 31, 2008  　　　　RICHARD ALAN ENSLEN  
　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE